UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )   Chapter 7
                                    )
    SCOTT N. JAFFE,                 )   No. 15 B 39490
                                    )
                    Debtor.   )   Judge Goldgar

## MEMORANDUM OPINION

This case poses a frequently-posed issue – how a judgment should be treated in bankruptcy when the judgment is recorded against a debtor's property held in a tenancy by the entirety. To what extent does the judgment creditor have a lien, and can the debtor avoid that lien under section 522(f) of the Bankruptcy Code, 11 U.S.C. § 522(f)? Here, debtor Scott N. Jaffe seeks to avoid a judgment lien that Laverne Williams says she holds against the residence Jaffe and his wife owned on the petition date as tenants by the entirety. Jaffe contends the lien impairs an exemption he claimed on the property as a tenant by the entirety. And his case has an added wrinkle: post-petition, Jaffe's wife died, terminating the tenancy.

As it turns out, the wrinkle makes no difference. As explained below, each tenant by the entirety holds not only an exemptible current interest as a tenant but also contingent future interests that are not exempt. Jaffe could not have avoided the lien on the contingent future interests when his wife was alive and certainly cannot now that she is dead. Jaffe's motion will therefore be denied.

### 1. Jurisdiction

The court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). This is a core proceeding. *See* 28 U.S.C. §

157(b)(2)(B); *In re Chinosorn*, 243 B.R. 688, 690 (Bankr. N.D. Ill.), *rev'd on other grounds*, 248 B.R. 324 (N.D. Ill. 2000).

## 2. Background

The facts are drawn from the court's docket, the web site of the Illinois Attorney Registration Disciplinary Commission, Jaffe's petition and schedules, and the parties' papers.[1/] No facts are in dispute.

Jaffe is a lawyer who was suspended from the practice of law in 2001 and has not been reinstated. Jaffe and his wife owned a residence at 835 Old Trail Road, Highland Park, Illinois. As far as the record shows, they lived there together.

In 1998, before Jaffe's suspension, Williams hired him to file a medical malpractice action for her. Jaffe never filed the action, and the statute of limitations ran. In 2002, Williams sued Jaffe for legal malpractice and in 2005 obtained a default judgment against him for $500,000. That same year, Williams recorded the judgment in Lake County, Illinois, the county where Jaffe's residence is located. The judgment was subsequently revived. Williams says that as of January 17, 2017, post-judgment interest came to $540,000, bringing her total claim against Jaffe to $1,040,000.

On November 19, 2015, Jaffe filed a chapter 7 bankruptcy petition. His Schedule D identified his debt to Williams as secured by a judgment lien on his residence. On the petition date, Jaffe and his wife owned the Highland Park property as tenants by the entirety. On his Schedule C Jaffe claimed his exemptions under section 522(b)(3) and specifically claimed the

---

[1/] The court can take judicial notice of the contents of its docket, *In re Kimball Hill, Inc.*, 565 B.R. 878, 883 (Bankr. N.D. Ill. 2017), as well as of information on government web sites, *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).

Highland Park property as exempt under section 12-112 of the Illinois Code of Civil Procedure, 735 ILCS 5/12-112 (2014).

In November 2016, a year after the bankruptcy case was filed, Jaffe's wife died.

In March 2017, Jaffe moved to avoid Williams's judgment lien on the ground that the Highland Park property is exempt under section 12-112, and the lien impairs his exemption. Williams has objected to the motion. She concedes that Jaffe's present interest in the property as one of two tenants by the entirety was exempt on the petition date. She appears also to concede that her lien could have been avoided as to that interest. But she argues that as a tenant by the entirety Jaffe also had contingent future interests to which her lien attached, interests that were not exempt and are plainly not exempt now that his wife has died and the tenancy has ended.

### 3. Discussion

Williams is correct. Jaffe's present interest in the Highland Park property as a tenant by the entirety was exempt under section 12-112. But tenants by the entirety also have interests in the property if the tenancy ends – contingent future interests before it ends, an actual interest after it does. Section 12-112 does not exempt those interests. Since Jaffe has no exemption that Williams's lien could impair, his motion to avoid the lien will be denied.

Section 522 allows a debtor to exempt from administration certain property of the bankruptcy estate. Debtors in Illinois are permitted to claim only the exemptions available under section 522(b)(3). *See In re Bauman*, No. 11 B 32418, 2014 WL 816407, at *12 (Bankr. N.D. Ill. Mar. 4, 2014). Section 522(b)(3)(B) exempts "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety, . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11

-3-

U.S.C. § 522(b)(3). The applicability of the exemption accordingly depends on Illinois law. *See In re Yotis*, 518 B.R. 481, 484 (Bankr. N.D. Ill. 2014); *In re Tolson*, 338 B.R. 359, 364 (Bankr. C.D. Ill. 2005); *In re Allard*, 196 B.R. 402, 408 (Bankr. N.D. Ill.), *aff'd sub nom. Great Southern Co. v. Allard*, 202 B.R. 938 (N.D. Ill. 1996).

Illinois law declares in section 12-112 of the Code of Civil Procedure that "[a]ny real property . . . . held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants . . . ." 735 ILCS 5/12-112 (2014). Section 12-112 protects property held in a tenancy by the entirety from a sale to satisfy a judgment against one of the tenants, *id.*; *see also Premier Property Mgmt., Inc. v. Chavez*, 191 Ill. 2d 101, 105, 728 N.E.2d 476, 479 (2000), and so is considered an exemption for purposes of section 522(b)(3)(B), *see In re Mukhi*, 246 B.R. 859, 864 (Bankr. N.D. Ill. 2000); *Allard*, 196 B.R. at 410.[2]

Exemption is not the only benefit that section 522 of the Code confers. Under section 522(f)(1), a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f)(1). One of the liens that may be avoided is "a judicial lien." 11 U.S.C. § 522(f)(1)(A). Section 522(f)(2)(A) provides a formula for determining when a lien impairs a debtor's exemption. A lien impairs an exemption "to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of

---

[2] The bankruptcy court decisions on section 12-112 in this circuit typically refer to section 523(b)(2)(B). *See, e.g., Mukhi*, 246 B.R. at 863. That is because most of them were decided before 2005. In 2005, BAPCPA renumbered the subsections of section 522(b). Section 522(b)(2) was redesignated section 522(b)(3). *See* 4 *Collier on Bankruptcy* ¶ 522.LH[5] at 522-134 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017).

exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A).

The question that Jaffe's motion raises does not concern the nature of Williams's lien (indeed a judicial lien, *see Tolson*, 338 B.R. at 365-66; *Mukhi*, 246 B.R. at 862), or the application of the formula in section 522(f)(2)(A) to the facts. The only question is whether the exemption Jaffe claimed under section 12-112 exempted more than his present interest in the Highland Park property as a tenant by the entirety.

The answer is no. In Illinois, a tenancy by the entirety is a statutory estate that a husband and wife hold in real property "maintained or intended for maintenance as a homestead by both husband and wife together during coverture." 765 ILCS 1005/1c (2014). "Coverture," as Illinois statutes currently use the term, means marriage. *See State Farm Mut. Auto. Ins. Co. v. Palmer*, 123 Ill. App. 3d 674, 677, 463 N.E.2d 129, 132 (3d Dist. 1984); *Soedler v. Soedler*, 89 Ill. App. 3d 74, 76, 411 N.E.2d 547, 548 (3d Dist. 1980). The tenancy therefore exists "only if, and as long as, the tenants are and remain married to each other . . . ." 765 ILCS 1005/1c (2014).

In addition to defining a tenancy by the entirety, the statute describes how a tenancy by the entirety terminates and, depending on how it terminates, the consequences of its termination. *Id.* If either tenant dies, "the survivor shall retain the entire estate . . . ." *Id.* If the tenants divorce, or the marriage is declared invalid, the estate "by operation of law[ ] become[s] a tenancy in common." *Id.* If they cease to maintain the property as a homestead, the estate "by operation of law[ ] become[s] a joint tenancy." *Id.*; *see also Chinosorn*, 243 B.R. at 693.

While tenants by the entirety are married, they hold an undivided fee simple interest in

the entireties property, as well as an interest in rents or other income from the property. *Chinosorn*, 243 B.R. at 695. These interests they hold together, as if they were one owner. Because the tenancy may terminate, however, the tenants also have "different types of contingent future interests," interests each tenant holds individually. *Id.*; *see also Yotis*, 518 B.R. at 486; *Mukhi*, 246 B.R. at 862. As the statute makes clear, these include "(a) an interest as a tenant in common in the event of divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death." *Chinosorn*, 243 B.R. at 695.

When a judgment against one of two tenants by the entirety is recorded on the entireties property, the judgment may or may not give rise to a lien against the property – the decisions are divided.[3/] There is no question, though, that a lien arises against the individual tenant's contingent future interests. *Yotis*, 518 B.R. at 488; *Tolson*, 338 B.R. at 367; *Mukhi*, 246 B.R. at 862; *Chinosorn*, 243 B.R. at 695. By its terms, the exemption in section 12-112 prevents the sale only of "real property . . . held in a tenancy by the entirety." *See* 735 ILCS 5/12-112 (2014); *Chinosorn*, 243 B.R. at 696 (making this point). It does not protect from execution the tenant's contingent future interests. *Yotis*, 518 B.R. at 489-90 (holding that "any future interest that may be held by either tenant alone, such as the contingent future interests, is not exempt at all"); *Chinosorn*, 243 B.R. at 695 (noting that "nothing in Illinois law states that the contingent future interests of an individual tenant cannot be sold . . . ."). Because a tenant's contingent future interests are not exempt under section 12-112, a judicial lien against them cannot be avoided.

---

[3/] Some decisions hold a lien arises. *See, e.g., In re Moreno*, 352 B.R. 455, 459 (Bankr. N.D. Ill. 2006); *Allard*, 196 B.R. at 410. Other decisions hold (or suggest) it does not. *See, e.g., S.E.C. v. Householder*, 02 C 4128, 2005 WL 281222, at *4 (N.D. Ill. Feb. 2, 2005); *Yotis*, 518 B.R. at 488; *Chinosorn*, 243 B.R. at 695.

-6-

Here, Jaffe and his wife owned the Highland Park property on the petition date as tenants by the entirety. Jaffe claimed the exemptions under section 522(b)(3)(B) and specifically exempted the property under section 12-112. His undivided interest with his wife as a tenant by the entirety was therefore exempt, and before his wife's death Williams's judicial lien on the property could have been avoided (if it arose at all) to the extent it impaired Jaffe's exemption in that interest. But the lien also attached to Jaffe's contingent future interests in the property. Those interests were not exempt. As to those interests, the lien could not have been avoided – not, at least, because they impaired Jaffe's exemption as a tenant by the entirety. Williams would still have had a lien on those interests, and the motion would have had to have been denied.

The death of Jaffe's wife post-petition does not alter the outcome and if anything makes Jaffe's position less tenable. On her death, the tenancy by the entirety terminated. As "the survivor," Jaffe retained "the entire estate," 765 ILCS 1005/1c (2014), so that he now holds a fee simple interest in the property, *see* 41 C.J.S. *Husband and Wife* § 43 at 449-50 (2014). With the tenancy's termination, Jaffe no longer has contingent future interests in the property. What was once one of the possible contingencies – the death of his wife – is no longer a contingency, and what was once his future interest is now his current interest. Because Williams had a lien on Jaffe's contingent future interests, she has a lien on his current interest as fee simple owner. The exemption under section 12-112 is no more available now than it ever was. Jaffe's motion to avoid the lien will be denied.

In urging avoidance, Jaffe makes several arguments. To start with, he cites *In re Hamacher*, 535 B.R. 180 (Bankr. E.D. Mich. 2015), for the "well-established general principle that exemptions are determined as of the bankruptcy petition filing date." *Id.* at 182. Jaffe

presumably invokes this principle so that the facts relevant to his motion are considered as of the petition date, when his wife was still alive.

The principle *Hamacher* describes is no help to Jaffe. Again, as of the petition date Williams's lien could have been avoided to the extent it attached to Jaffe's undivided interest as a tenant by the entirety in the Highland Park property because the lien impaired his exemption under section 12-112. But Williams also had a lien on Jaffe's contingent future interests in the property. Those interests were not exempt under section 12-112, and her lien on them could not have been avoided.

Jaffe also cites and relies heavily on *Mukhi*, 246 B.R. 859, which he says holds that a judgment lien on property held in a tenancy by the entirety can be avoided completely. According to Jaffe, *Mukhi* "is directly on point and should be controlling." (Reply at 2).

Jaffe is mistaken for several reasons.

• First, *Mukhi* is not "directly on point." The decision did not concern a debtor whose property was held in a tenancy by the entirety, whose spouse died post-petition, and who moved to avoid a judgment creditor's lien after the spouse's death. As far as the facts show, the debtor's spouse in *Mukhi* was still alive and well when the motion was brought. *Mukhi* is no more on point than any of the other bankruptcy decisions in this circuit addressing lien avoidance and entireties property. Nor is *Mukhi* "controlling." The decision of one trial court never binds another. *See CoStar Realty Info., Inc. v. CIVIX-DDI, LLC*, Nos. 12 C 4968, 12 C 7091, 12 C 8632, 2013 WL 5346440, at *4 (N.D. Ill. Sept. 23, 2013) (noting that "[d]istrict court opinions are not binding authority even in the district in which they are rendered . . . .").

• Second, it is unclear whether *Mukhi* holds that a judgment lien on entireties property


should be avoided, not only as to the tenant's undivided interest, but also as to his contingent future interests. The decision mentions *Chinosorn*'s reasoning that a judgment against one tenant "may give rise to a lien against that individual tenant's contingent future interests in the property" and states that the creditor therefore obtained a lien against those interests. *Mukhi*, 246 B.R. at 862. The decision also concludes that the motion should be granted and the creditor's lien avoided. *Id.* at 866. But the decision does not say whether the lien is avoided as to the debtor's interest as a tenant by the entirety *and* as to his contingent future interests in the property. After the initial mention of those future interests, they are never discussed again.

- Third, to the extent *Mukhi* does hold what Jaffe claims it holds – and in fairness to Jaffe, the judge who wrote the decision believes it does, *see Yotis*, 518 B.R. at 489-90 – that judge changed his mind in *Yotis*, concluding that the contingent future interests of "either tenant alone" are "not exempt at all." *Yotis*, 518 B.R. at 490. Jaffe insists that *Mukhi* "is more persuasive" than *Yotis*, but it is not. *Yotis* is consistent with the reasoning of *Chinosorn* (reasoning that *Yotis* found "persuasive," *Yotis*, 518 B.R. at 488), in which the court carefully analyzed section 12-112 and concluded that Illinois law nowhere says an individual tenant's contingent future interests cannot be sold to satisfy a judgment. *Chinosorn*, 243 B.R. at 695.

Finally, Jaffe complains that courts elsewhere have rejected *Yotis* and reached the opposite conclusion. Jaffe relies particularly on *In re O'Sullivan*, No. 15-30173- can7, 2017 WL 1047228 (Bankr. W.D. Mo. 2017), *appeal docketed*, No. 17-6012 (B.A.P. 8th Cir. Apr. 5, 2017).

The problem with *O'Sullivan* and decisions generally from states other than Illinois is that the law on tenancies by the entirety differs from state to state. *See Yotis*, 518 B.R. at 487 ("The divergence of treatment of the tenancy by the entirety in various states means that attention must

be paid to law of the particular jurisdiction . . . ."). As Jaffe acknowledges, *O'Sullivan* was decided "under Missouri law." (Reply at 4). According to *O'Sullivan*, Missouri draws no distinction between a tenant's undivided interest in entireties property, an interest the tenants hold together, and contingent future interests, interests each tenant holds separately. *O'Sullivan*, 2017 WL 1047228, at *4 ("Missouri law does not recognize the 'right of survivorship' as being a different title or right than the original TBE interest."). Illinois does appear to draw that distinction. *See Yotis*, 518 B.R. at 489; *Chinosorn*, 243 B.R. at 696.

In short, Jaffe's contingent future interests in the Highland Park property were not exempt under section 12-112 as of the petition date when his wife was alive, and his actual interest in the property is not exempt under that section now that she is not. Williams's lien therefore cannot impair Jaffe's exemption, and his motion to avoid the lien must be denied.

## 4. Conclusion

The motion of debtor Scott N. Jaffe to avoid the judgment lien of Laverne Williams is denied. A separate order will be entered consistent with this opinion.

Dated: June 7, 2017

                                                  _____
                                                  A. Benjamin Goldgar
                                                  United States Bankruptcy Judge